IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROGER VON EVANS,

    Plaintiff,
v.                                          CASE NO. 5:17-cv-121-MCR-GRJ

RICHARD JOHNSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Calhoun CI, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 2. The Complaint is before the Court for screening pursuant to 28 U.S.C § 1915A. Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss the complaint if it is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." For the following reasons, the undersigned recommends that the Complaint be dismissed for failure to state a claim upon which relief may be granted and for abuse of the judicial process.

Plaintiff's claims stem from the conditions of confinement at Jackson

CI. Plaintiff contends that while he was confined in the confinement dorm at Jackson CI the dorm was not in compliance with state fire codes because it was not equipped with sprinklers. Plaintiff contends that he suffered mental anguish due to the lack of sprinklers. For relief, he seeks compensatory damages. ECF No. 1.

Plaintiff does not allege that he suffered any physical injury as a result of the alleged code violation, which in any event does not amount to a federal constitutional violation. The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)). Because Plaintiff has alleged no physical injury in connection with his claims, he is barred by the PLRA from seeking compensatory damages. *See id.* Further, any implied claim for declaratory and injunctive relief against Jackson C.I. officials is moot because Plaintiff is no longer confined at Jackson C.I. It therefore appears that the Complaint is due to be summarily dismissed pursuant to 28 U.S.C § 1915A for failure to state a claim upon which relief may be granted.

The Complaint presents an additional ground for dismissal. The Court's civil rights complaint form, which Plaintiff executed under penalty of perjury, requires prisoners to disclose their prior litigation history. Plaintiff disclosed only one prior federal civil case, which he asserts was filed "years ago". Plaintiff provided no identifying information for the case. ECF No. 1 at 4.

A review of the Court's PACER case index reflects that Plaintiff has, in fact, filed the following prior cases: *Evans v. U.S. Secret Service*, Case No. 4:11-cv-445-MP-WCS (N.D. Fla. 12/23/11) (case removed from state court and remanded); *Evans v. Santa Rosa CI*, Case No. 3:02-cv-353-RV (N.D. Fla. 12/23/02) (dismissing case for failure to state a claim upon which relief may be granted); *Evans v. Bush*, Case No. 3:09-cv-181-MCR-EMT (N.D. Fla. 9/30/09) (dismissing case as malicious for failure to disclose prior case filing history). The Court has confirmed that the Plaintiff in the prior cases is the same as the instant case, having DOC # 032751.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th

Cir. Feb. 10, 2011).¹  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a

---

¹Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court concludes that there is no basis for excusing Plaintiff's lack of candor in this case. Plaintiff made no effort to inform the Court that he had filed more than one prior federal civil action. He was previously sanctioned with a dismissal for failing to truthfully disclose his filing history,

and therefore was on notice of the requirement and the potential sanction for failing to disclose prior cases on the instant complaint form. Two of his prior cases qualify as "strikes" under the PLRA.

The dismissal of this case for abuse of the judicial process should also operate as a "strike" pursuant to 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, ECF No. 2, should be **DENIED** and this case should be **DISMISSED** without prejudice for abuse of the judicial process and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 27th day of April 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A**

**copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**